Jose Lino PENA–CHAVEZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–73345.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.*

Filed March 19, 2013.

Richard Miyamoto, Phung, Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioner.

Jennifer R. Khouri, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Jose Lino Pena–Chavez, a native and citizen of Nicaragua, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review

for substantial evidence the agency's factual findings, *Lopez–Cardona v. Holder,* 662 F.3d 1110, 1111 (9th Cir.2011), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Pena–Chavez failed to demonstrate his experiences in Nicaragua rose to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (death threats did not compel finding of past persecution). Absent a showing of past persecution, Pena–Chavez does not have a rebuttable presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Substantial evidence also supports the BIA's finding that Pena–Chavez failed to demonstrate a well-founded fear of future persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (possibility of future persecution too speculative). Consequently, his asylum claim fails.

Because Pena–Chavez did not establish his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir. 2000).

Finally, substantial evidence supports the BIA's denial of CAT protection because Pena–Chavez failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the Nicaraguan government. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.